Hall, Judge.
 

 The act of 1784,
 
 (Rev. ch.
 
 £25,
 
 sec.
 
 7,) from its preamble and the adjudications upon it, was passed principally for the protection of creditors and purchasers. The preamble is as follows: “Whereas many persons have been injured by secret deeds of gift to children and others, and for want of formal bills of
 
 *242
 
 sale for slaves, and a law for perpetuating such gifts ami sales.” It then provides for the registration of such deeds, and that they shall be attested by one, credible wituess.at least. Tiie construction put upon the act, that it was made for the benefit of creditors and purchasers, is evident from the cases of
 
 Knight
 
 v.
 
 Thomas,
 
 (1
 
 Hay. 289)
 
 —Cutler v.
 
 Spiller,
 
 (2
 
 Hay. 61,)
 
 —Lynch v.
 
 Ashe,
 
 (1
 
 Hawks 338,)
 
 —Rhodes v.
 
 Holmes,
 
 (2
 
 Hawks
 
 193)
 
 Bateman
 
 v.
 
 Bateman.
 
 (1
 
 Car. Law Repos.
 
 85.)
 

 Consistently with this construction of the act, the act of 1792,
 
 (Rev.
 
 eft. 363,) declares that all sales of slaves
 
 bona jide
 
 made, and accompanied with actual delivery, shall be good without any bill of sale. According to the cases before cited, it was not necessary, as between the parties, that there should be a bill of sale, or if there was one, that it should be attested by a subscribing witness j or if so attested, that it should be registered.
 

 But the act of 1806,
 
 (Rev.
 
 ch. 701,) “ declaring what gifts of slaves shall be valid,” was made, as it emphatically declares, “ for the prevention of frauds,” and may be fitly called a statute of frauds. It declares (hat no gift of slaves, hereafter to be made, shall be good or available in law or in equity, unless the same he made in writing, signed by the donor, attested by at least one subscribing witness, and shall be proved or acknowledged as conveyances of land, and registered within one year. This act was made not only for the benefit of creditors and purchasers, but also for that of
 
 donors.
 

 It must be well remembered, what a fruitful source of litigation parol gifts and pretended parol gifts were, before the passage of this
 
 act;
 
 and that too in many cases where creditors and purchasers were not concerned. To remedy that mischief the law was passed, for the benefit of donors. And in proportion as any of the requisites of the act are dispensed with, so in proportion will the mischief be left without remedy.
 

 
 *243
 
 In the present case, between the donor and donee,, if there had been a deed of gift, and that deed had been registered, although the deed were lost, there would be no difficulty in procuring a copy of it. If deeds of gift have been
 
 bona fide
 
 executed, injury is done to no one by registering them. Mischief may be done by concealing them until after the death of the donors.
 

 But the act is positive, that such deeds shall be registered as conveyances of land. This clears the question of doubt | because nothing passes by conveyances of land, or shall be good and available in law, unless the same shall be acknowledged or proved, and registered.
 

 I am therefore of opinion, after full reflection, that the instructions given by the Judge to the Jury on the trial in the Court below, were correct. It is true, that what I said in
 
 Justice
 
 v.
 
 Cobbs, (Ante
 
 1
 
 vol.
 
 469,) on the question of adverse possession, was extrajudicial. The question involved in the decision of that case, did not require it. That was the case of a possession, where there was no parol gift proved. But it is a warning lesson, not to speculate on supposed cases.
 

 Per Curiam. — -Let
 
 the
 
 rule for a new. trial be discharged, and tiie judgment of the Court below affirmed-